UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Albert R. Kuperman

    v.                                            Civil No. 07-cv-245-PB

Warden, New Hampshire State Prison

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 2254, Albert R. Kuperman has filed a petition for a writ of habeas corpus and amendments thereto, challenging the constitutionality of his state court convictions and sentences (document nos. 1, 4, 7, 9, 10, 11 and 15). See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rule") (requiring initial review to determine whether the petition is facially valid). Also filed is a motion to appoint counsel (document no. 3).

For the reasons discussed below, I recommend that Grounds 1-7 and 9-13 of the petition be dismissed as time-barred because they pertain to Kuperman's conviction of December 12, 2003 and his probation violation of April 20, 2004. I further recommend that Ground 8 be dismissed, in part, as time-barred to the extent it pertains to Kuperman's conviction of December 12, 2003 and his

probation violation of April 20, 2004.  Lastly, I recommend that the motion to appoint counsel be denied.  By separate order issued simultaneously herewith, Kuperman is ordered to amend his petition to identify his February 28, 2006 conviction and the underlying federal claims, if any, pertaining to that conviction.

## Background

On December 12, 2003, Kuperman was convicted by the New Hampshire Superior Court (Merrimack County) of one count of felonious sexual assault.  He was sentenced to the New Hampshire State Prison ("NHSP") for one and one half to three years, suspended, and was placed on probation for a period of five years.  The following conditions were attached to his sentence: that he have no unsupervised contact with juveniles; that he undergo a psycho-sexual evaluation and complete a recommended sexual treatment program; that he tour the NHSP within thirty days of sentencing; and that he be of good behavior and comply with all terms of his sentence. Kuperman v. Cattell, Warden, New Hampshire Department of Corrections, No. 07-E-006, slip op. at 2 (N.H. Super. June 11, 2007).  There is no indication that he filed a direct appeal of his conviction to the New Hampshire Supreme Court ("NHSC").

In January 2004, Kuperman was indicted on a new charge of felonious sexual assault and, as a result, his probation officer filed a violation of probation report with the superior court. Id. On April 20, 2004, the court conducted a hearing on the alleged probation violation and found, by clear and convincing evidence, that Kuperman had violated the rules of probation and the specific conditions of his sentence in that he had unsupervised contact with female minors and he failed to be of good behavior in that he committed the crime of felonious sexual assault involving a female minor. He was sentenced to the NHSP for three and one half to seven years. Kuperman did not appeal the finding. Id.

On January 4, 2005, Kuperman filed a petition for federal habeas corpus relief with this court. On March 21, 2005, the petition was dismissed without prejudice to refiling following his exhaustion of state remedies. Kuperman's subsequent appeal to the First Circuit Court Appeals was denied on July 21, 2005.

Without providing this court with relevant dates or supporting documents, Kuperman alleges that he was subsequently indicted by the New Hampshire Superior Court (Hillsborough County) on two charges of felonious sexual assault. With regard to those charges, he allegedly entered into a negotiated plea

agreement in late September 2005.[1]  He further alleges that he received two sentences of three and one half to seven years to run concurrent to each other and consecutive to the probation violation charge.

On or about September 5, 2005, Kuperman filed a habeas corpus petition with the New Hampshire Superior Court (Merrimack County) in which he raised the following claims:

> (1) the state presented insufficient evidence regarding the age of the victim to sustain a chargeable finding;
>
> (2) the court admitted evidence obtained in violation of his Miranda rights;
>
> (3) he was subjected to double jeopardy; and
>
> (4) he receive ineffective assistance of counsel.

Id.  The superior court dismissed his petition in part on October 18, 2005 and dismissed the petition in its entirety on February 15, 2006.  There is no indication that Kuperman sought further appellate review.  Id.

On or about December 28, 2006, Kuperman filed a second habeas corpus petition with the superior court (Merrimack County) in which he raised claims similar to those presented in his

---

[1] Kuperman alleges that as a result of the plea agreement and pursuant to the advice of counsel, on December 15, 2005 he withdrew a habeas corpus petition filed with the New Hampshire Superior Court (Hillsborough County).

subsequent appeal to the NHSC, as discussed below.  The superior court denied his petition on June 11, 2007 and denied his motion for reconsideration on July 5, 2007.

Subsequently, Kuperman filed an appeal with the NHSC in which he allegedly challenged his Merrimack and Hillsborough County convictions and his sentence arising out of his probation violation.  His appeal raised the following claims:

> (1) the state failed to present sufficient evidence to establish the age and identity of the victim, in violation of New Hampshire law;
>
> (2) Kuperman's identification at the probation violation hearing was impermissibly suggestive because he was wearing a prison-issued orange jumpsuit, in violation of his Fourteenth Amendment right to due process;
>
> (3) Kuperman was denied a timely preliminary bail hearing and probation revocation hearing (following his arrest and detention on the probation violation charge), in violation of New Hampshire law;
>
> (4) the probation violation finding punished Kuperman for conduct that he was being tried for in a separate proceeding, in violation of his Fifth Amendment right of protection against double jeopardy;
>
> (5) Kuperman was denied the right to cross-examine a complaining witness at the probation violation hearing, in violation of his Sixth Amendment right to confront and cross-examine witnesses;
>
> (6) the state presented insufficient evidence to sustain a finding of chargeable or guilty on the probation violation charge;
>
> (7) Kuperman was denied effective assistance of counsel at

trial, in violation of his Sixth Amendment right to effective assistance of counsel;

(8) Kuperman was subjected to illegal consecutive sentences, in violation of his Fourteenth Amendment right to due process of law, and Duquette v. Warden, NH State Prison, No. 2006-079, 2007 WL 129602 (N.H. Jan 19, 2007)(Kuperman appears to allege that the sentences he received under Docket Nos. 04-S-588 and 04-S-589 were imposed consecutively to Docket No. 03-S-958);

(9) Kuperman was subjected to illegal sentencing with regard to his original sentence and probation violation, in violation of State v. Huot, 136 N.H. 96, 612 A.2d 362 (1992)(holding that due process requires a sentencing court to give defendant explicit notice at time of original sentencing if it intends to reserve discretion to impose statutory balance consecutively upon revocation of probation); Kuperman further alleged that consecutive sentences cannot be imposed upon a violation of probation, id.;

(10) the prosecution engaged in prosecutorial misconduct by (a) prosecuting Kuperman when the complaining witness attempted to drop the charges in Docket No. 03-S-958 and (b) by leading the witness in violation of New Hampshire Supreme Court Rule 93-A (pertaining to the testimony of minor victims and witnesses in sex-related criminal cases); and

(11) the portion of Kuperman's sentence on the probation violation, requiring him to complete the sexual offender program as a condition of parole, was illegal and violated his right to equal protection and his right against self-incrimination.

The NHSC denied his appeal on August 16, 2007.  Kuperman now brings the instant petition for federal habeas corpus relief, filed on August 6, 2007, in which he raises thirteen grounds for relief, eleven of which are identical to those raised in his

state court appeal, as described above.  Construed liberally, Kuperman's petition alleges two additional grounds.  Ground 12 alleges that his trial counsel's ineffective assistance constituted plain error.  Ground 13 alleges that with regard to Kuperman's December 12, 2003 sentencing hearing, the trial judge failed to "pronounce/announce orally in court and/or sign an order stating his/her rendition of the judgment."

### Standard of Review

In reviewing a pro se petition, this court is obliged to construe the pleading liberally and in favor of the pro se litigant.  See Erickson v. Pardus, __ U.S. __, 127 S. Ct. 2197, 2200 (2007) (holding that a document filed pro se is "to be liberally construed")(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)(noting that pro se habeas petitions should be construed liberally in the petitioner's favor).  "'[A] pro se [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Estelle, 429 U.S. at 106).  Nevertheless, a federal district court can dismiss a habeas petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996).  I apply this standard in reviewing Kuperman's petition.

Discussion

I.  Statute of Limitations

With regard to Kuperman's claims pertaining to his conviction of December 12, 2003 and his probation violation of April 20, 2004, I conclude that his petition is barred from consideration due to his failure to file within the statutory limitations period.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, requires that prisoners file applications for writs of habeas corpus within one year from the date on which the challenged judgment becomes final.  28 U.S.C. § 2244(d)(1)(A).  This limitation period begins to accrue from the date of the final disposition of any direct appeal to the state court of last resort and the conclusion of certiorari review by the United States Supreme Court, or the running of the ninety-day period in which to seek such review. 28 U.S.C. § 2244(d)(1)(A).[2]

"Statutory exceptions exist where the state impeded relief, new constitutional rights were created by the Supreme Court, or

---

[2] Prisoners whose state convictions became final prior to AEDPA are afforded a one-year grace period, running from the date of AEDPA's enactment.  See Duncan v. Walker, 533 U.S. 167, 183 & n.1 (2001); Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999).

8

newly discovered facts underpin the claim." David v. Hall, 318 F.3d 343 (1st Cir. 2003)(citing Section 2244(d)(1)(B)-(D)).  The limitations period may be tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review in state court, and may be equitably tolled in appropriate circumstances.  28 U.S.C. § 2244(d)(2).  See also Neverson v. Farquharson, 366 F.3d 32, 41 (1st Cir. 2004) (holding "the one-year limitations period in § 2244(d)(1) is not jurisdictional and, accordingly, can be subject to equitable tolling in appropriate cases.").

The party seeking to invoke equitable tolling bears the burden of establishing the basis of it.  See Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002).  In the AEDPA context, equitable tolling is the exception rather than the rule and is deemed justified only in extraordinary circumstances.  Id.  "It is reserved for cases in which circumstances beyond the litigant's control have prevented him from promptly filing."  Id.  "Ignorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely filing."  Lattimore, 311 F.3d at 55 (citing Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001)).

Here, Kuperman challenges a conviction of December 12, 2003

and a probation violation finding of April 20, 2004.  With regard to each, he did not file a direct appeal.  Consequently, his conviction became final on January 12, 2004, and his probation violation finding became final on May 20, 2004.  See N.H. Sup.Ct. R. 7 (1)(A) and (B) (providing that a notice of appeal to the NHSC must be filed within 30 days of written notice of lower court's decision on the merits) and N.H. Sup.Ct. R. 7 (1)(C) (providing that in criminal appeals, the time for filing a notice of appeal shall be within thirty days from the date of sentencing or the date of the clerk's written notice of disposition of post-trial motions, whichever is later).  Absent tolling, Kuperman had until April 12, 2005 and August 20, 2005 to file a federal habeas corpus petition.  He filed the instant petition on August 6, 2007, more than two years after the AEDPA limitations period had expired on his conviction and nearly two years after the limitations period expired on his parole violation finding.  Accordingly, with regard to the above conviction and probation violation finding, Kuperman's federal petition is time-barred unless he can demonstrate that an application for state post-conviction or other collateral review tolled the limitations period.

    Although Kuperman filed subsequent state court appeals, most

were not filed during the AEDPA limitations period, therefore, their pendency is not relevant to the tolling provisions.  The appeals that were filed within the AEDPA grace period fail to bring his federal habeas corpus petition within the one-year limitations period.  Kuperman has not identified any extraordinary circumstances that would justify the use of equitable tolling to save his untimely claims.  Accordingly, I recommend that Grounds 1-7 and 9-13 of the petition be dismissed as time-barred as they pertain to Kuperman's conviction of December 12, 2003 and his probation violation of April 20, 2004.  I further recommend that Ground 8 be dismissed, in part, as time-barred to the extent it pertains to Kuperman's conviction of December 12, 2003 and his probation violation of April 20, 2004.

It is unclear whether Kuperman intends to challenge a conviction of February 28, 2006.  By separate order issued simultaneously herewith, he is directed to identify the conviction and underlying claims, if any, and indicate whether he presented the federal nature of his claims to the NHSC for review.  He is further directed to provide this court with copies of any motions, petitions, notices of appeal, briefs and orders and/or final judgments pertaining to his state court proceedings with regard to his February 28, 2006 conviction.  See <u>Smith v.</u>

Digmon, 434 U.S. 332, 333 (1978) (discussing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts).

II.  Appointment of Counsel

Kuperman also moves for appointment of counsel (document no. 3).  There is no absolute constitutional right to free legal representation in a civil case.  Bemis v. Kelley, 857 F.2d 14, 15 (1st Cir. 1988).  Rather, appointment of counsel in a civil case is left to the discretion of the court.  See 28 U.S.C. § 1915(e)(1).  An indigent litigant must demonstrate that exceptional circumstances exist to justify appointment of counsel, such that without counsel the litigant most likely would be unable to obtain due process of the law.  DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991); Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) (per curiam).  In the case at hand, Kuperman has failed to establish the existence of such circumstances.  Accordingly, his request for counsel is denied without prejudice to it being renewed at a later date should circumstances warrant renewal.

## Conclusion

For the reasons discussed above, I recommend that Grounds 1-

7 and 9-13 of the petition be dismissed as time-barred because they pertain to Kuperman's conviction of December 12, 2003 and his probation violation of April 20, 2004.  I further recommend that Ground 8 be dismissed, in part, as time-barred to the extent it pertains to Kuperman's conviction of December 12, 2003 and his probation violation of April 20, 2004.  In addition, I recommend that the motion to appoint counsel be denied.

By separate order issued simultaneously herewith, Kuperman is ordered to amend his petition to identify his February 28, 2006 conviction and the underlying federal claims, if any, pertaining to that conviction.

The claims identified in this report and recommendation will be considered for all purposes to be the claims raised in the petition.  If the petitioner disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this order, or he must properly move to amend the petition.

Any objection to this report and recommendation must be filed within ten days of receipt of this notice.  Failure to file an objection within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Committee v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United

States v. Valencia-Copete, 792 F.2d 4,6 (1st Cir. 1986).

_____
James R. Muirhead
United States Magistrate Judge

Date: September 28, 2007

cc:   Albert R. Kuperman, pro se