UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Albert R. Kuperman

    v.                                                  Civil No. 07-cv-245-PB

Warden, New Hampshire State Prison

**O R D E R**

Pro se petitioner Albert R. Kuperman has filed an amendment (document nos. 28 and 29[1]) to his petition for a writ of habeas corpus (document nos. 1, 4, 7, 9, 10, 11 and 15), challenging the consecutive sentences imposed upon him by the New Hampshire Superior Court. The petition is before me for preliminary review. See Rule 4 of the Rules Governing § 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid); see also United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing the magistrate judge to preliminarily review pro se pleadings). For the reasons stated below, I order Ground 8, as amended, to be served on the respondent.

---

[1] Document no. 29 pertains solely to Ground 9 of the petition, which has been dismissed.

**Procedural Background**

On September 28, 2007, I issued a report and recommendation, recommending that Grounds 1-7 and 9-13 of the petition be dismissed as time-barred because they pertained to Kuperman's conviction of December 12, 2003 and his probation violation of April 20, 2004.  I further recommended that Ground 8 be dismissed, in part, as time-barred to the extent it pertained to Kuperman's conviction of December 12, 2003 and his probation violation of April 20, 2004.  By separate order issued simultaneously therewith, I ordered Kuperman to amend his petition to identify his February 28, 2006 conviction and the underlying federal claims, if any, pertaining to that conviction.

Kuperman filed an objection to the report and recommendation on October 10, 2007.  Upon consideration of the objections filed, Judge Barbadoro approved the report and recommendation thereby rendering Ground 8 the only remaining claim at issue in this action.  See Kuperman v. New Hampshire State Prison, Warden, No. 07-cv-245-PB, 2007 WL 2995082, slip op. at *1 (D.N.H. Oct. 11, 2007).  Kuperman now seeks preliminary review of his amended federal petition in which he has clarified Ground Eight, the only remaining claim in this action.

**Clarification of Ground Eight**[2]

In clarifying Ground Eight, Kuperman alleges that on February 28, 2006, he was convicted of felonious sexual assault by the New Hampshire Superior Court (Hillsborough County)(Docket Nos. 04-S-588 and 04-S-589) and was sentenced to the New Hampshire State Prison ("NHSP") for not more than 7 years nor less than 3 ½ years.  He alleges that the sentences he received under Docket Nos. 04-S-588 and 04-S-589 were imposed consecutively to Docket No. 03-S-958[3].  He further alleges that the sentences imposed constitute illegal consecutive sentences in violation of his Fourteenth Amendment right to due process of law and in violation of Duquette v. Warden, NH State Prison, 154 N.H. 737, 919 A.2d 767 (N.H. 2007).  As amended, Ground

---

[2]The underlying facts in this action are set forth in my previous report and recommendation and will not be repeated here. The court notes Kuperman's following factual clarifications: (1) that his habeas corpus petition filed with the New Hampshire Superior Court (Hillsborough County) was "ruled upon" on February 15, 2006; and (2) that the probation violation report was filed on January 16, 2003.

[3]As explained more fully in my previous report and recommendation, on December 12, 2003, Kuperman was convicted by the New Hampshire Superior Court (Merrimack County)(Docket No. 03-S-958) of one count of felonious sexual assault.  He was sentenced to the NHSP for 1 ½ years to 3 years, suspended, and was placed on probation for a period of 5 years.

>    Eight states:
>
> (1) that imposition of consecutive sentences under New Hampshire law violates Kuperman's federal right to due process where:
>
>    (a) fair notice is not provided regarding the risk of consecutive sentences; (b) ambiguities in the New Hampshire criminal statutes are construed against him in violation of the rule of lenity[4]; and (c) consecutive sentences are not authorized by law; and
>
> (2) that "judicial assumption of ungranted substantive punishment design powers violates federal due process, subjecting citizens to punishments that are neither legislatively authorized nor legislatively designed."

Kuperman alleges that he has exhausted the above claims by filing two submissions with the NHSC. First, on December 28, 2006, he filed a discretionary appeal with the NHSC in which he alleged, among other claims, that:

>    (1) he was subjected to illegal consecutive sentences, in violation of his Fourteenth Amendment right to due process of law, and Duquette, 154 N.H. 737, 919 A.2d 767 (in that appeal, Kuperman alleged that the

---

[4]Defining the rule, the First Circuit has held that "[i]n a criminal case, the rule of lenity requires a court to resolve true statutory uncertainty in the accused's favor." United States v. Ahlers, 305 F.3d 54, 62 (1st Cir. 2002). The rule, however, is one of statutory interpretation. See Sabetti v. DiPaolo, 16 F.3d 16, 19 (1st Cir. 1994). Thus, federal courts lack the power to apply the rule of lenity to a state statute, except to serve constitutional interests. See Sabetti, 16 F.3d at 19; accord Lurie v. Wittner, 228 F.3d 113, 125-26 (2d Cir. 2000).

sentences he received under Docket Nos. 04-S-588 and 04-S-589 were imposed consecutively to Docket No. 03-S-958); and

(2) Kuperman was subjected to illegal sentencing with regard to his original sentence and probation violation, in violation of State v. Huot, 136 N.H. 96, 612 A.2d 362 (1992)(holding that due process requires a sentencing court to give defendant explicit notice at time of original sentencing if it intends to reserve discretion to impose statutory balance consecutively upon revocation of probation); Kuperman further alleged that consecutive sentences cannot be imposed upon a violation of probation, id.

Second, Kuperman alleges that he "joined 19 other appellants in submitting an amicus curiae brief in the Duquette case." The amicus curiae brief raised the following federal claims relevant to this action:

(1) the discretionary power for courts to impose consecutive sentences must be expressly granted by statute;

(2) constitutional fair notice requires a public statute informing citizens that cumulative punishments, in the form of consecutive sentences, are authorized;

(3) judicial design of a cumulative punishment, not expressly authorized by statute, intrudes on substantive lawmaking powers constitutionally reserved to the Legislature; and

(4) in the absence of a statute specifying how multiple sentences may be imposed, the Criminal Code as a whole must be construed liberally and in favor of the accused.

See Duquette, 154 N.H. at 740-745, 919 A.2d 770-74; Duquette v.

New Hampshire State Prison, Warden, No. 2006-079, 2006 WL 4571946, at *1-2 (N.H. June 20, 2006)(Brief of Amicus Curiae).

The NHSC allegedly deferred ruling on Kuperman's appeal pending its decision in Duquette. On January 19, 2007, the NHSC affirmed the superior court's ruling in Duquette. On August 16, 2007, Kuperman allegedly was notified that in light of the decision in Duquette, his appeal was declined.

**Standard of Review**

In reviewing a pro se petition, this Court must construe the pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)), treating all well-pleaded factual allegations as true and drawing all reasonable inferences in the litigant's favor, see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration. See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988). I apply this standard in reviewing Kuperman's petition.

**Discussion**

I.  Custody and Exhaustion

To be eligible for habeas relief, Kuperman must show that he is in custody and has exhausted all state court remedies (or that he falls within a narrow category of cases in which exhaustion is not required, such as the absence of an available or effective state corrective process). See 28 U.S.C. § 2254(a) & (b); see also Duncan v. Henry, 513 U.S. 364, 365 (1995). He satisfies the first requirement as he is currently incarcerated at the NHSP. As discussed more fully below, he also satisfies the second requirement as he has demonstrated exhaustion of state remedies with regard to Ground 8, as amended, of his federal petition.

A petitioner's remedies in New Hampshire are exhausted when the State's highest court has had an opportunity to rule on the petitioner's federal constitutional claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988), cert. denied, 488 U.S. 1007 (1989) ("habeas corpus petitioner must have presented the substance of his federal constitutional claim to the state appellate courts so that the state had the first chance to correct the claimed constitutional error"); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan, 513 U.S. at 365-66

(requiring petitioner to "fairly present" his claim in the appropriate state courts, including a state supreme court with powers of discretionary review, thereby alerting that court to the federal nature of the claim)). "[T]he exhaustion principle holds, in general, that a federal court will not entertain an application for habeas relief unless the petitioner first has fully exhausted his state remedies in respect to each and every claim contained within the application." Adelson v. DiPaola, 131 F.3d 259, 261 (1st Cir. 1997).

In the instant amended petition, Kuperman has clarified his remaining ground for federal habeas corpus relief, Ground Eight. As amended, Ground Eight states that Kuperman was subjected to illegal consecutive sentences, in violation of his Fourteenth Amendment right to due process of law, and in violation of Duquette v. Warden, NH State Prison, No. 2006-079, 2007 WL 129602 (N.H. Jan 19, 2007). Kuperman alleges that the sentences he received under Docket Nos. 04-S-588 and 04-S-589 were imposed consecutively to Docket No. 03-S-958). Specifically, Ground Eight alleges:

> (1) that imposition of consecutive sentences under New Hampshire law violates Kuperman's right to due process where:

>    (a) fair notice is not provided regarding the risk
>    of consecutive sentences; (b) ambiguities in the
>    New Hampshire criminal statutes are construed
>    against him in violation of the rule of lenity;
>    and (c) consecutive sentences are not authorized
>    by law; and
>
> (2) that "judicial assumption of ungranted substantive
>     punishment design powers violates federal due
>     process, subjecting citizens to punishments that
>     are neither legislatively authorized nor
>     legislatively designed."

Kuperman claims that he presented the above issues to the NHSC in his discretionary appeal, which was declined by the NHSC on August 16, 2007, and in his amicus curiae brief filed in Duquette. See Duquette, 154 N.H. at 740-745, 919 A.2d 770-74. In both instances, Kuperman cited to federal and state law in support of his claims.[5]

Ground Eight is similar to the claims raised by Kuperman in his discretionary appeal and amicus curiae brief presented to the NHSC for review. While he could have presented his federal constitutional issues in a more direct and precise manner, his appeals were minimally sufficient to apprise the NHSC of the federal constitutional dimension of his claims. I therefore find that the claims presented here, including the federal nature of

---

[5] While Kuperman's name does not appear on the amicus curiae brief, he allegedly joined 19 other appellants in that brief.

9

the claims, have been properly exhausted in the state courts to allow Kuperman's federal habeas corpus action to proceed at this time with regard to Ground Eight, as amended.

## Conclusion

Accordingly, I direct that Ground Eight of Kuperman's petition be served on the respondent. See Habeas Rule 4.  The respondent shall file an answer or other pleading in response to the allegations made therein.  See id. (requiring reviewing judge to order a response to the petition).  The Clerk's Office is directed to serve the New Hampshire Office of the Attorney General, as provided in the Agreement On Acceptance Of Service, copies of this order and the habeas petition (document nos. 1, 4, 7, 9, 10, 11, 15, 28 and 29).  Respondent shall answer or otherwise plead within thirty (30) days of the date of this order.  The answer shall comply with the requirements of Habeas Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the court will determine whether a hearing is warranted.  See Habeas Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Fed. R. Civ. P. 5, which requires that every pleading, written motion, notice, and similar paper,

after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorneys.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: January 17, 2008

cc:   Albert R. Kuperman, pro se